ANDERSON GRAY v. S. W. COOPER *et al.*

**No. 13,802.**   ( 78 Pac. 812.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Time for Filing Petition in Error— Laches.* The statute provides that no proceeding to reverse an order or judgment of an inferior court shall be commenced unless within one year after the rendition thereof. A petition in error was brought to the office of the clerk of this court between four and five o'clock in the afternoon of the last day of the year allowed. The office was closed, it being a rule to close it at four o'clock on Saturdays. No further effort was made to lodge the petition with the clerk and procure the issuance of summons that day, but this was done the following Monday. *Held,* that the action was not begun in time.

Error from Sumner district court ; JAMES LAWRENCE, judge. Opinion filed December 1, 1904. Dismissed.

*S. W. Shattuck, jr.*, and *Conly & Conly*, for plaintiff in error.

*Stanley, Vermilion & Evans*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : We are met with a motion to dismiss this action because the same was not commenced within one year after the rendition of the final judgment. The judgment was rendered on the 24th day of October, 1902. The petition in error was filed and the summons issued on the 26th day of October, 1903. On the face of the papers, therefore, it seems to have been filed out of time.

The plaintiff in error seeks to excuse the default in this respect by showing that the papers were committed to an express company at Wichita on the 23d of October, came to the office of the company in Topeka on Saturday, October 24, and were brought by

its agent to the office of the clerk of this court on that day, between the hours of four and five P. M. The office, however, was locked and no one was there found, as under the rules it is closed to business at four o'clock on Saturday afternoons. Thus failing, no further effort was made to find the clerk, or any of the deputies, so as to lodge the petition in the office in time, and it was not filed until Monday, October 26.

The language of the statute leaves no room for construction as to the time of commencing a proceeding to reverse the order or judgment of an inferior court. No such proceeding shall be commenced unless within one year after the rendition of the judgment. Granting that there might be a case where, the plaintiff having exercised the utmost diligence, excuse could be found in law for his failure to procure his suit to be commenced within the time fixed by the statute, we must hold that this case is not such a one.

The rule of the office to close at four o'clock on one day of the week is not an unreasonable one, and of itself affords no excuse for failure to file the case in time. The plaintiff in error waited until the afternoon of the last day, and then, finding the clerk's office closed, as was usual, made no further attempt to remedy the result of his tardiness.

The motion to dismiss is allowed.

All the Justices concurring.